PER CURIAM.
James Anthony Jefferson, defendant, appeals the lower court’s final judgment of conviction and sentence.
The State charged defendant with three counts of sexual battery with a firearm and one count of kidnaping with a firearm. The defendant was acquitted of count I, sexual battery. On counts II and III, the jury found defendant guilty of the lesser included offense of sexual battery with slight force. The jury also found defendant guilty of count IV, kidnaping. The jury made no finding that defendant used a firearm.
At the sentencing hearing on June 13, 1997, the trial court relied on a scoresheet prepared by the prosecutor. The trial court sentenced defendant to 30 years on each of the sexual battery counts and 30 years as an habitual offender on the kidnaping count. This appeal followed.
The defendant raises numerous issues as concerns the propriety of the sentences imposed upon him. Finding no error as to the habitual offender sentence on the charge of kidnaping, we affirm the sentence on that count. We agree with defendant, as did the state at oral argument, that the record does not clearly establish whether the trial judge intended to sentence the defendant as an habitual offender on counts III and IV.[1] If the judge did not so intend, the sentences on these two counts exceed the statutory maximum for second degree felonies. Accordingly, on these two counts we vacate the sentences and remand for re-sentencing. At re-sentencing the defendant will be present and the trial court will be free to impose an habitual offender sentence if that is, in fact, what it believes is appropriate.
On remand, the trial court will also correct the scrivener’s error in the final judgment of conviction which erroneously identifies the kidnaping conviction as a life felony,[2] and the sexual battery with slight force convictions as first degree felonies.[3] The sentencing guidelines will be recalculated accordingly.
Affirmed in part, reversed in part, and remanded with instructions.

.The trial judge’s oral pronouncements at sentencing are subject to two interpretations. There is language in the transcript of the sentencing hearing which suggests that the judge intended to sentence the defendant as an habitual offender, and other language which suggests to the contrary.

. As per the jury's verdict, the kidnaping charge is a first degree felony.

. As per the jury's verdict, these crimes are second degree felonies.